JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-01642 MMM (DTBx) | Date | November 7, 2012 |
|---|---|---|---|

| Title | *CM REO Trust v. Cordero, et al.* |
|---|---|

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

Proceedings:        **Order Remanding Action to Los Angeles Superior Court for Lack of
Subject Matter Jurisdiction**

### I.  FACTUAL BACKGROUND

Plaintiff CM REO Trust commenced this action on April 12, 2012 against defendants Rachel
Cordero, Eva Cordero, Anna Arreaga, and certain fictitious defendants in state court.[1]  On September
27, 2012, defendants removed this action to this court for unlawful detainer based on federal question
jurisdiction.[2]

Plaintiff alleges that it is entitled to possession of real property located at 17571 Santa Ana
Ave., Bloomington, California 92316.[3]  On February 25, 2011, the property was sold at foreclosure.
Plaintiff took title to the property and received an executed Trustee's Deed Upon Sale, which was

---

[1]Notice of Removal ("Removal"), Docket No. 1 (Sep. 27, 2012), Complaint for Unlawful
Detainer ("Complaint") at 1.

[2]*Id.* at 2.

[3]Complaint, ¶ 2.

recorded.[4]   After plaintiff acquired title to the property, it served a written notice on defendants requiring them to quit and deliver up possession of the property within the time period set forth in the notice.[5]  The time to deliver possession of the property to plaintiff under the notice has expired, but defendants have failed to quit the premises or deliver possession of the property.[6]  Plaintiff asserts that defendants continue in possession of property without its permission or consent.[7]

Plaintiff seeks immediate restitution and possession of the property, an order directing defendants to quit and deliver possession of the property to it, holdover damages in the amount of $50.00 per day from February 25, 2011 until date of judgment, so long as defendants remain in possession of the property, an order terminating the lease under which defendants occupy the premises, and costs of suit.

Defendants filed a demurrer to the complaint on April 30, 2012, alleging that the complaint was factually insufficient and that they had not been properly served.[8]  They also asserted that the property was purchased at the trustee's sale for more than $10,000, placing the matter over the state court's jurisdictional limit.[9]

## II.  DISCUSSION

### A.    Legal Standard Regarding Removal Jurisdiction

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before

---

[4]*Id.*, ¶ 5.

[5]*Id.*, ¶ 6.

[6]*Id.*, ¶ 7.

[7]*Id.*, ¶ 8.

[8]Notice of Removal ("Removal"), Docket No. 1 (Sept. 27, 2012), Demurrer to Plaintiff's Unlawful Detainer Complaint ("Demurrer") at 1.

[9]*Id.* at 2.

deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)). For the reasons discussed below, the court lacks subject matter jurisdiction and the action must be remanded to the Los Angeles Superior Court.

**B.      Federal Question Jurisdiction**

**1.      Legal Standard for Federal Question Jurisdiction**

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely

because a federal question is an "ingredient" of the cause of action.  Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim.  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392.  See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).  See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action").  Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

### 2.      Whether Federal Question Jurisdiction Exists

There is no federal question apparent on the face of plaintiff's complaint, which alleges only an unlawful detainer cause of action.  See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Defendants assert that removal is appropriate because plaintiff's cause of action "arises under federal law [in that] it is predicated on alleged violations of federal statutes."[10]  Later in the removal petition, they assert that "[t]here are [f]ederal [q]uestions regarding civil rights violation[s] via due process, equal protection for pro se litigants and a conspiracy to steal [their] interest [in] their home."[11]  At best, this argument asserts a federal defense.  As stated, "a case may not be removed

---

[10]Removal, ¶ 4.

[11]*Id.*, ¶ 10.

to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint. . . ." *Franchise Tax Bd.*, 463 U.S. at 14.  Because plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the court does not have jurisdiction under 28 U.S.C. § 1331.

### C.    Diversity Jurisdiction

Defendants do not explicitly argue that the court has diversity jurisdiction to hear this action. Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between "(1) citizens of different states. . . ." 28 U.S.C. § 1332(a).  Jurisdiction, including the amount in controversy, is determined at the moment of removal.  See *In the Matter of Shell Oil Company*, 970 F.2d 355, 356 (7th Cir. 1992).

The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint.  *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007).  Defendants argued in their demurrer that the amount in controversy exceeded $10,000.  Specifically, they stated that the property "presumably was purchased . . . for more than $10,000."[12]  In an unlawful detainer action, however, the appropriate measure of damages is the amount sought in the complaint, not the value of the property.  *Federal Nat. Mortg. Ass'n v. Lemon*, No. CV 11–03948 DDP (FFMx), 2011 WL 3204344, *2 (C.D.Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer action remains the amount sought in the complaint, not the value of the property itself"); see also *U.S. Bank Nat. Ass'n v. Marshall–Edward: Mikels*, No. C 11–4687 PJH, 2011 WL 5362082, *2 (N.D.Cal. Nov. 7, 2011) ("The complaint seeks restitution of the premises, damages in the amount of $50.00 per day from August 6, 2010, through the date that defendant remains in possession of the property, plus costs of suit.  The amount in controversy is not the assessed value or the sales value of the property, but rather the $50.00 per day that HSBC is seeking in damages.  Thus, if HSBC prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00"); *Skyline Vista Equities, LLC v. Henderson*, No. ED CV 11–1665 PA (AGRx), 2011 WL 5122616, *2 (C.D. Cal. Oct. 25, 2011) ("[T]he amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property").  Plaintiff, in its complaint, requests damages of $50.00 per day from February 25, 2011 to the date of judgment.[13]  The total of such damages would not exceed the $75,000 amount in controversy requirement; therefore, the court lacks diversity jurisdiction over the action.

---

[12]Demurrer at 3.

[13]Complaint at 2.

## III.  CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).   For the reasons stated, defendants have failed to show that removal is proper or that the court has subject matter jurisdiction to hear this case.  The clerk is therefore directed to remand this case to Los Angeles Superior Court forthwith.